## Case No. 6,945.

### In re HUSSEY.

[2 Hask. 244.] [1]

District Court, D. Maine. July, 1878.

BANKRUPTCY—EXEMPTION—GROWING CROPS.

1. Growing crops are exempted to a bankrupt by Rev. St. U. S. § 5045, as exempt from execution by Rev. St. Me. 1871, c. 81, § 59, as "produce of a farm until harvested."

2. An adjudication in bankruptcy operates to convey the title of a farm to the assignee, as a voluntary deed would do containing a reservation of the crop until harvested.

3. A bankrupt may elect to occupy his farm and cultivate the crops until harvested; but he must secure to the assignee a reasonable rental meantime.

In bankruptcy. Certificate of facts from Mr. Register Hamlin, to have determined whether growing crops are exempt to a bankrupt under the act of 1867 [14 Stat. 517], and

---

[1] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

[1] [Reported by Thomas Hawes Haskell, Esq., and here reprinted by permission.]

if they are, whether he may occupy the farm and cultivate them until harvested, and without paying rent to the assignee.

Thomas H. Haskell, for assignee.

Frederick A. Powers and Llewellyn Powers, for bankrupt.

FOX, District Judge. The assignment by the register conveyed to the assignee all the estate of the bankrupt in the farm at the date of the filing of the petition, subject to the rights of the bankrupt in the growing crops so far as they were exempted to him by force of the provisions of the bankrupt law.

By Rev. St. § 5045, all property exempt from levy and sale on execution or other process by the laws of the state is exempted from the operation of the assignment; and it is expressly declared, that in no case shall such exempted property pass to the assignee, or the title of the bankrupt thereto be impaired or affected by any of the provisions of this title.

By Rev. St. Me. c. 81, § 59. "all produce of farmers" is exempted from attachment and execution till harvested. The conveyance of the farm, therefore, is to be construed as though in terms it had contained a reservation and exception of the growing crops as the property of the bankrupt till harvested; and from such a deed, I think, the implication must be that the bankrupt is to retain a right to use and occupy the land for the cultivation of his crops.

These exemptions have always been liberally construed for the debtors, and the crops remain his property; but to say he is neither to cultivate or harvest them would in effect be an absolute denial of all benefit from the property which the law has allowed him to hold for his support. This implied license to occupy the land, however, must be to the extent only that is necessary to accomplish the purpose intended, and must be on condition that, if he elects thus to occupy the land of another, he must make suitable recompense to the owner of the land for the permission so to do.

The bankrupt has voluntarily parted with all his title to the estate, and he can have no just cause of complaint if his right to the crops be protected, and he is permitted to cultivate them and harvest them, although he is required to pay for the use of the land as other parties would do under similar circumstances.

The decision of the court is, that the hay with the other crops planted prior to the filing of the petition by the bankrupt are still his property, and that he should be allowed to cultivate and harvest the same on paying a fair occupation rent therefor, or securing the same to the satisfaction of the register before cutting the hay. In case of disagreement of the parties, the register to determine the amount of such rent.